IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VINCENT CREPPEL                                                                  PETITIONER

VS.                                                         CIVIL ACTION NO. 1:17cv155-HSO-FKB

JACQUELYN BANKS                                                               RESPONDENT

## REPORT AND RECOMMENDATION

Vincent Creppel entered a guilty plea in the Circuit Court of Jackson County, Mississippi, to armed robbery and aggravated assault. By order dated August 2, 2005, he was convicted and sentenced to serve a term of 30 years for armed robbery and 20 years for aggravated assault, the sentences to run concurrently. He now brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as untimely. Having considered the motion, response, and reply, the undersigned recommends that the motion be granted and the petition dismissed with prejudice.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Creppel's conviction became final on September 1, 2005 (30 days after his conviction), and his one-year limitation period began to run that day.[1] He had one year from that date, or until September 1, 2006, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief (PCR) was pending in the state court. Creppel did not file any PCR motion prior to September 1, 2006.[2] Therefore, his limitations period expired on September 1, 2006. He filed his federal habeas petition on or after May 18, 2017.[3]

Creppel argues that his failure to comply with the time requirements of the statute should be excused because he is proceeding *pro se*, has no knowledge of the law or court procedures, and has had trouble obtaining legal assistance. AEDPA's limitation

---

[1] By statute, there is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-101. However, at the time of Creppel's guilty plea, the Mississippi Supreme Court recognized an exception to this prohibition, allowing an appeal within 30 days of the sentencing order when the issue concerned an allegedly illegal sentence. *See, e.g., Acker v. State*, 797 So. 2d 966 (Miss. 2001). (This exception no longer exists for guilty pleas taken after July 1, 2008. *See* Miss. Code Ann. § 99-35-101; *Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010)). Therefore, at the latest, Creppel's conviction became final when his 30-day period for seeking review of his sentence expired.

[2] Creppel later filed several PCR motions. The statute was not tolled during the time these actions were pending because his one-year period had already expired.

[3] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Thus, Creppel's petition was "filed" sometime between the date it was signed, May 18, 2017, and the date it was received and filed by this court, May 24, 2017.

period is subject to equitable tolling, but only where a petitioner shows that in spite of diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Creppel's allegations fall far short of a showing of either diligence or "extraordinary circumstances."

Creppel also asserts that his petition should be considered, notwithstanding its untimeliness, because he is actually innocent of the crime of armed robbery. Specifically, he argues that the only role he played in the crime was the stabbing of the victim, whereas his wife actually took the money from the victim.[4] The standard for making a showing of actual innocence such that a late petition will be considered is demanding. *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013). The exception applies only to that very limited number of cases in which newly discovered evidence indicates that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id*. at 399 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Creppel's belief that he is not guilty of armed robbery because he was not the one who physically took the money from the victim does not meet this demanding standard.

The undersigned concludes that Creppel's petition is untimely and that no exception is applicable. Accordingly, it is recommended that the motion to dismiss be granted and the petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14)

---

[4] In its opinions affirming denials of post-conviction relief, the Mississippi Supreme Court stated that Creppel stabbed the victim 42 times, after which Ms. Creppel searched the victim and found $21 dollars, which she took. *See Creppel v. State*, 199 So.3d 715, 717 (Miss. Ct. App. 2016); *Creppel v. State*, 75 So. 3d 1127, 1128 (Miss. Ct. App. 2011).

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of May, 2018.

s/ F. Keith Ball
United States Magistrate Judge
