IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VINCENT CREPPEL**                                              **PETITIONER**

v.                                                               CIVIL NO. 1:17cv155-HSO-FKB

**JACQUELYN BANKS**                                               **RESPONDENT**

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14], GRANTING RESPONDENTS' MOTION TO DISMISS [9], AND DISMISSING PETITIONER'S PETITION [1] WITH PREJUDICE

This matter comes before the Court on the Report and Recommendation [14] of United States Magistrate Judge F. Keith Ball, entered on May 2, 2018, and Respondent Jacquelyn Banks' Motion to Dismiss [9] filed October 11, 2017. After consideration of the proposed findings of fact and conclusions of law set forth in the Report and Recommendation, the record as a whole, and relevant legal authority, the Court finds that the Report and Recommendation [14] should be adopted as the finding of this Court, that Respondent's Motion [9] should be granted, and that Petitioner's Petition [1] should be dismissed with prejudice.

### I. BACKGROUND

On May 24, 2017, Petitioner Vincent Creppel ("Petitioner") filed a Petition [1] Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, alleging that the sentence imposed upon him in state court by his August 2, 2005,

conviction of armed robbery violated his due process rights.[1]  Pet. [1] at 1-15.

Petitioner admits that his Petition is untimely, but argues that because he is actually innocent of the crime, his Petition should not be "foreclosed."  *Id.* at 14.

Respondent Jacquelyn Banks ("Respondent") filed a Motion to Dismiss [9] on October 11, 2017.  Respondent asserts that Petitioner's claims are barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), which requires that a party seeking federal habeas relief file his petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Mot. to Dismiss [9] at 1-9 (quoting 28 U.S.C. § 2244(d)(1)(A)).  Respondent further maintains that Petitioner failed to identify any new evidence that could convince a "court that 'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt,'" or could otherwise support his "actual innocence" claim.  *Id.* at 7-9 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (internal citations and quotations omitted)).  Petitioner's responsive pleadings [10] [12] merely reassert his claims of actual innocence.

The Magistrate Judge found that the Petition should be dismissed because Petitioner's "belief that he is not guilty of armed robbery because he was not the one who physically took the money from the victim," after Petitioner had stabbed the

---

[1] Petitioner does not challenge his conviction on a separate charge of aggravated assault.  Pet. [1] at 1-15.

victim 42 times, does not meet the "demanding standard" required by the United States Supreme Court to state a claim of actual innocence. R&R [14] at 3 (citing *McQuiggin,* 569 U.S. at 401). The Magistrate Judge concluded that no exception to the one-year limitations period is applicable thus the Petition is untimely, and recommended that Respondent's Motion be granted and that Petitioner's claims be dismissed with prejudice. R&R [14] at 1-4. The docket reflects that a copy of the Report and Recommendation was mailed to Petitioner at his last known address on May 2, 2018. To date, no objection to the Report and Recommendation has been filed by Petitioner.

## II. DISCUSSION

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's Report and Recommendation thoroughly considered all issues, and is neither clearly erroneous nor contrary to law. It is clear from the record that Petitioner acknowledged that his Petition was untimely, and it is also clear that

3

Petitioner has failed to proffer any new evidence to support a claim of actual innocence. R. & R. [14] at 1-4. Even if this Court were to conduct a *de novo* review, based upon the pleadings and the record as a whole, the Petition should be dismissed for the same reasons set forth in the Report and Recommendation.

III. CONCLUSION

The Court, being fully advised in the premises, finds that the Magistrate Judge properly recommended that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 be dismissed with prejudice. Said Report and Recommendation should be adopted as the opinion of this Court. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendation [14], entered in this case on May 2, 2018, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Respondent Jacquelyn Banks' Motion to Dismiss [9] is **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Petitioner Vincent Creppel's Petition for Writ of Habeas Corpus [1] filed May 24, 2017, is **DISMISSED WITH PREJUDICE**. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 1st day of June, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE